294

UNITED STATES of America,
Plaintiff,

v.

881.39 ACRES OF LAND, MORE OR
LESS, Situate IN McCURTAIN COUN-
TY, OKLAHOMA, and Rex Chandler
and S. G. Story, et al., and Unknown
Owners, Defendants.

UNITED STATES of America,
Plaintiff,

v.

987.37 ACRES OF LAND, MORE OR
LESS, Situate IN McCURTAIN COUN-
TY, OKLAHOMA, and Heirs of S. B.
Callaham, et al., and Unknown Owners,
Defendants.

UNITED STATES of America,
Plaintiff,

v.

547.50 ACRES OF LAND, MORE OR
LESS, Situate IN McCURTAIN COUN-
TY, OKLAHOMA, and Albert Daniel De-
Lozier, et al., and Unknown Owners, De-
fendants.

UNITED STATES of America,
Plaintiff,

v.

293.13 ACRES OF LAND, MORE OR
LESS, Situate IN McCURTAIN COUN-
TY, OKLAHOMA, and Enoch Johnson,
et al., and Unknown Owners, Defend-
ants.

UNITED STATES of America,
Plaintiff,

v.

198.32 ACRES OF LAND, MORE OR
LESS, Situate IN McCURTAIN COUN-
TY, OKLAHOMA, and Calvin Webb, et
al., and Unknown Owners, Defendants.

Civ. Nos. 5246, 5313, 5321, 5336 and 5485.

United States District Court
E. D. Oklahoma.
May 10, 1966.

Jan Cartwright, Asst. U. S. Atty., for the United States.

Lewis T. Martin, County Atty., McCurtain County, Idabel, Okl., for the United States in No. 5313.

Tom Finney, Idabel, Okl., for defendants in No. 5246.

James M. Lee, Tulsa, Okl., Curtis Harris, Oklahoma City, Okl., Tom Finney, Idabel, Okl., Robert Hudson, Tulsa, Okl., Helen Adair, Bureau of Indian Affairs, Muskogee, Okl., for defendants in No. 5313.

Helen Adair, Bureau of Indian Affairs, Muskogee, Okl., Smith & Inglish, Okmulgee, Okl., Andrew Wilcoxen, Muskogee, Okl., Tom Finney, Idabel, Okl., for defendants in No. 5321.

Reul Miller, Tom Finney, Idabel, Okl., Joe Stamper, Antlers, Okl., Comm. of Land Office of Oklahoma, Curtis Harris, Oklahoma City, Okl., for defendants in No. 5336.

DAUGHERTY, District Judge.

On October 13, 1964, Commissioners Alpheus Varner, George W. Moncrief, Jr., and W. S. Warner, appointed by the U. S. District Judge for the Eastern District of Oklahoma under Rule 71A(h) F.R.Civ.P., 28 U.S.C.A., and instructed to hear testimony and determine just compensation, filed their Report herein. The Chairman of the Commission was an experienced attorney who determined the admissibility of evidence during the four days of Commission hearings. Following the hearings the Commissioners viewed the property to determine the weight which should be given to the evidence presented during the hearings. Objections and Amendment to Objections to the Commissioners' Report were filed herein on October 15, 1964, and June 29, 1965, respectively, in which Defendants requested the Court to make new and independent findings of fact, or alternatively to grant a new trial before a jury or Commissioners. On January 31, 1966, the Court held a hearing on the objections as amended and subsequent thereto Requested Findings of Fact and Conclusions of Law with briefs in support thereof were filed herein by both sides.

These cases involve a condemnation in fee by the United States to provide for the construction and operation of a flood control project and related purposes in connection with the establishment of the Broken Bow Dam and Reservoir on Mountain Fork River in Southeastern Oklahoma. All of the cases were consolidated for trial by agreement and stipulations were filed by the parties apportioning the awards to be made between the sand and gravel lessee, Curry Materials Company, and the landowners, covering all the tracts involved. The Government conceded that there were sand and

gravel deposits on each tract in question which were satisfactory for general use in construction and that as to Tract No. 212 (Case No. 5313 Civil) the sand and gravel deposit had been opened and contributed to the market value of that tract. The principal issue joined before the Condemnation Commission was based on the contentions of the landowners and the sand and gravel leasehold owner that the highest and best use of the lands was for mining and production of sand and gravel and the Government that the highest and best use was for agricultural and/or timber purposes.

■■ The transcript of testimony adduced during the Commission hearings has been reviewed by the Court. The proof of Defendants was based on seven elements claimed to make up a profitable rock crusher site.[1] The evidence was in direct conflict on the marketability and competition elements. The evidence was also in conflict as to the highest and best use and fair market value as to each tract. The Defendants put on proof, among other things, as to the value of the minerals as they contributed to the land involved in each tract and now contend the minerals were undervalued. The only tract that was actually being used to produce sand and gravel was Tract No. 212 (Case No. 5313). The Commission properly excluded all evidence of production which was used on the Government project, J. A. Tobin Const. Co. v. United States, 343 F.2d 422, (10th Cir. 1965), and determined that future profits were speculative. United States v. 116.0 Acres of Land, etc., 227 F.Supp. 100 (D.C.W.D.Ark. 1964).

The landowners and the sand and gravel lessee have filed joint objections to the Report of the Commission as to Tract Nos. 208 and 212 (Case No. 5313); Tract No. 201 (Case No. 5336); and Tract Nos. 229 and 233 (Case No. 5321). The record indicates there are no pending landowner objections on Tract No. 311 (Case No. 5485). With respect to Tract Nos. 226 and 234 (Case No. 5321), no objections have been filed and the Defendants agree the Commissioners' Report should be affirmed.

In substance, the Defendants object generally to the failure of the Commission to find the highest and best use of the lands to be for sand and gravel production, failure to make adequate awards under the evidence and errors in considering and weighing the evidence. The Defendants also object to the failure of the Commission to separate or apportion the Award as to Tract No. 212 (Case No. 5313) between the landowner and the sand and gravel lessee, Curry Materials Company.

■ Upon consideration of the Report, the Court finds from a review of the record herein, that the findings of fact cover all fact questions which must be resolved. The Defendants contend they should be afforded an additional day in court for the purpose of introducing additional testimony as to just compensation for the respective tracts. However, it appears to the Court that the Defendants had ample opportunity to introduce testimony during the Commissioners' hearing and should not be permitted to introduce further testimony as to just compensation and market value at this late date.

■ The Court finds that the Commission, on substantial evidence, found the highest and best use as to each tract, to be for agricultural and/or timber purposes. This Court should not disturb this finding under the record. In fixing the award for each tract, the Commission did take into account the sand and gravel deposits.

■■ In the tract with the opened and productive quarry (Tract No. 212—Case No. 5313), the Commission definitely and properly accorded some value to

1. THE ESSENTIAL ELEMENTS OF A PROFITABLE CRUSHER SITE ARE:
   1. Availability of Raw Material
   2. Accessibility
   3. Availability of Water
   4. Workability
   5. Quantity, Type, and Quality of End Products and their Uses
   6. Marketability
   7. Competition in Market Area

this facet of the property in fixing the value of the whole 144 acre tract. Thus, the Commission found the highest and best use of this 144 acre tract to be for agricultural purposes but recognized its capability and value for producing sand and gravel and then fixed an award ($33,-325.00) on the whole tract. This was the proper procedure. The Commission set out specific figures in their Report as to the value of the sand and gravel deposits alone and the production facilities used in their production regarding this tract. This was unnecessary in view of the Memorandum Agreement entered into between the landowner and owner of the leasehold (Landowners Exhibit No. 22). But this is not fatal to the award made by the Commission for the whole tract under the highest and best use found and considering the sand and gravel deposits and production facilities. An apportionment by the Commission of its award for this whole tract between the landowner and the owner of the sand and gravel leasehold was unnecessary because the affected parties had, by their Memorandum Agreement which was placed in evidence, agreed on their own apportionment based on the total award to be made. In the absence of such an agreement between all the affected parties it would have been incumbent upon the Commission to first find the value of the whole tract and then apportion the same between the landowner and the owner of the leasehold. But in view of this agreement it would be improper for the Commission or this Court to make an apportionment other than as previously agreed to between the affected parties.

As to the other tracts under which sand and gravel deposits existed but none of which had been opened for production, the Commission found the highest and best use for each tract to be agricultural and/or timber. This finding is supported by substantial evidence and should not be disturbed by this Court. The Commission did consider the sand and gravel deposits under these tracts and each of them but concluded that they added no value to the land because of a lack of marketability and overwhelming competition in the market area. In other words, the Commission concluded and properly so, under the evidence, that the opened quarry on Tract No. 212 along with other quarries in the area, had satisfied and would satisfy the existing and foreseeable market and constituted such strong and overwhelming competition to the point that it would not be feasible to open quarries on the other tracts herein now or in the foreseeable future. This conclusion is amply supported by the evidence and should not be disturbed by this Court. It is altogether proper to accord a value to an opened quarry on a tract of land which with other quarries satisfies the existing and foreseeable market and give no value to similar deposits under other nearby lands which stand no reasonable chance of being opened now or in the foreseeable future due to a lack of market and overwhelming established competition. The Commission determined these questions of fact after listening to experts presented by both sides and viewing the premises. The Court may not substitute its judgment for that of the Commission and set the awards aside merely because they may be different from those which the Court might have fixed.

The Court has studied the authorities submitted by defendants, including United States v. Silver Queen Mining Company, 285 F.2d 506 (10th Cir.-1960) and United States v. City of New York, et al., 165 F.2d 526 (Second Cir.-1948), and finds, therein, no reason for upsetting the awards made herein. The Court believes in the instant cases that the Commission made an informed finding based upon competent evidence and entered fair and reasonable awards on the highest and best use and fair market value based upon the evidence and agreements before it.

The Court also finds that the Commissioners' award of $33,325.00 for Tract No. 212 (Case No. 5313) should be entered and apportioned between the affected landowner and lessee in accordance with

their own Memorandum Agreement placed in evidence herein.

The Defendants have objected to the manner in which the Commissioners' Report was prepared and filed but offered nothing at the hearing before this Court which would warrant disturbing the Report on this ground.

Under Rule 52(e) F.R.Civ.P., 28 U.S.C.A., made applicable by Rule 71A (h), the findings and awards of the Commission must be accepted by the Court unless they are clearly erroneous. United States v. Waymire, 202 F.2d 550 (10th Cir.-1953). The Court has carefully considered all objections filed to the Commissioners' Report. Since the findings of fact therein are supported by substantial evidence and do not arise from a mistaken view of the law, it is the duty of the Court to approve the Report of the Commission and to overrule the objections made by the Defendants to such Report.

It is so ordered.