**UNITED STATES of America, Appellants,**

v.

**Thomas F. LEE and wife Ola Mae Lee, etc., Appellees.**

**No. 22686.**

United States Court of Appeals Fifth Circuit.

May 12, 1966.

Rehearing Denied June 17, 1966.

---

Wm. Wayne Justice, U. S. Atty., Richard Trickey, Asst. U. S. Atty., Beaumont, Tex., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., for appellant.

Leonard E. Choate, Dallas, Tex., for appellees.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

GARZA, District Judge:

This condemnation case is before us on the narrow point of whether or not the District Court erred in taxing against the United States, as costs, the cost of a survey ordered by the landowners of the land condemned.

Considering, under the facts in this case, the cost of the survey to be part of the just compensation contem-

plated under the Fifth Amendment to the Constitution, the action of the District Court was correct, and we affirm.

A recitation of the facts below will show that the cost of the survey was actually part of the just compensation contemplated under the Constitution. These facts are as follows:

On August 14, 1961, the United States instituted condemnation proceedings to acquire certain lands in Jasper and Sabine Counties, State of Texas, for use in connection with the establishment of the McGee Bend Reservoir on the Angelina River. Part of the lands of the Appellees were to be taken in fee and perpetual easements occasionally to overflow, flood and submerge part of the Appellees' lands were also to be taken.

The taking in question here on which the Government was to take a fee was Tract No. 1100. The complaint of the Government and the declaration of taking filed simultaneously therewith described said Tract No. 1100 of the Appellees by metes and bounds, and the Government alleged that the acreage being taken was 1151.56 acres.

Before the actual trial, the Government stipulated that the acreage actually being taken in fee amounted to 1182.06 acres.

While the jury was deliberating the case, the District Court held a hearing on the motion of the Appellees to tax the cost of the survey in question to the Government.

Mr. Lee, the landowner, testified, generally, that while he was out at sea on a ship the Corps of Engineers had called his wife and informed her that Mr. Lee did not have the acreage that they thought he had; that upon coming back to the States he informed his attorney that he had deeds that called for 1186 acres; that he contacted the Corps of Engineers and showed them his deeds and his tax receipts showing that he was paying taxes on that amount of land in Tract 1100; that he asked the Corps of Engineers, "Well, how can we work it out?" and the people representing the

Corps of Engineers said that a survey had to be made; that he asked the Corps of Engineers to make the survey on the ground, and they told him that he would have to furnis.. the survey himself.

Mr. Lee further testified that before the Government stipulated that they were actually taking 1182.06 acres, they were contending that he only had about 1100 acres, instead of the 1151.56 that they claimed they were taking in their complaint and declaration of taking.

The Government explains that the usual procedure of the Corps of Engineers in the initial steps of a condemnation proceeding is to estimate the acreage in the various tracts by the use of a planimeter.

Attorneys representing the Government were asked from the bench at the hearing before this Court if the field notes used in the condemnation proceedings and the declaration of taking were the same as shown by the survey on the ground, and the admission was made that they were.

Although the Government was given ample opportunity, as reflected by the record, by the court below to put on evidence to dispute Mr. Lee's testimony, this was never done, and, as the court below, we must take his testimony as true as to the genuine dispute over the acreage actually being taken.

The Government makes the argument that when it accepted the increased acreage, the Appellees certainly improved their case by having the survey made, as they were paid some $6,800.00 more for the increased acreage. The government makes the further argument that the Appellees did not have to have a survey made: that they could have presented the deeds and tax receipts which they showed the Corps of Engineers to the jury, and the jury could have found that their acreage was actually the amount stipulated to by the parties.

The record shows, however, that there was more than one deed to this property in question in existence, and that under the various deeds the acreage involved

varied. The government, however, was taking this land by metes and bounds, and if it had not been for the actual survey on the ground, the exact acreage being taken could not have been ascertained.

The parties have submitted voluminous cases for consideration of the Court on the general proposition that the United States never pays costs.

The granting of the cost of the survey involved here to the Appellees, however, does not require any departure from the law as to costs to be borne by the Government. When the Government condemns part of a landowner's property by metes and bounds, the burden should be on the Government to determine correctly the acreage actually enclosed by those metes and bounds. When the Government decides to ascertain the actual acreage being taken by means other than a survey on the ground, and the condemnee is put to the expense of showing the correct acreage being taken, it would be a violation of the Constitution to make him bear the cost of such survey, especially when the Government is put on notice that the acreage they claim to be taking is less than what is actually being condemned. To hold otherwise would be to deprive a landowner of his property without due process of law.

It has been consistently held that just compensation under the Fifth Amendment to the Constitution contemplates that the landowner will be put in as good position, pecuniarily, as he would have occupied if his property had not been taken.

If the Appellees' land had not been condemned, there would have been no need for the survey on the ground involved here. There is no question that if the survey had not been made, the Government would not have stipulated that the amount of acres actually being condemned was 1181.06, and part of the property of the landowners would have been taken without just compensation or due process of law.

When a court is called upon to determine what is just compensation for the taking of private property for public use, each case must be decided on its individual facts. Dore v. United States, 1951, 97 F.Supp. 239, 119 Ct.Cl. 560; American-Hawaiian SS Co. v. United States, 1954, 124 F.Supp. 378, 129 Ct.Cl. 365, cert. den. 350 U.S. 863, 76 S.Ct. 103, 100 L.Ed. 766.

"Just compensation" invokes the equitable powers of the court, and courts must use their equity powers to put an owner of land being condemned in as good position as he would have been if his property had not been taken, or as nearly so as is possible under the given circumstances. City of Fort Worth, Texas v. United States, 5 Cir. 1951, 188 F.2d 217.

The $980.00 for the cost of the survey, awarded by the court below to the landowners, was actually part of the just compensation contemplated under the Constitution so as to make the landowners whole.

The Government cites to this Court our case of United States v. Turner, 175 F.2d 644, cert. den. 338 U.S. 851, 70 S.Ct. 92, 94 L.Ed. 521, for the proposition that we have held that the burden is on the landowner to identify his land. This is true when there is more than one party claiming title to the land involved, as in that case.

There is no question but that the Lees owned the land being condemned in this case, the only question being the amount that the Government was taking in fee under its complaint and declaration of taking.

The court below, instead of assessing the cost of the survey as costs, should in its judgment have called it part of the just compensation contemplated under the Constitution, and we modify the judgment below to this extent.

Nothing in this opinion shall be taken to mean that the cost of every survey made by the landowner must be borne by

the Government, since all we are holding is that under the facts of this case the court below, in the exercise of its equity powers, had a right to add the cost of the survey to the value put on the fee taken by the jury, to give the condemnees the just compensation contemplated by the Fifth Amendment to the Constitution.

The judgment of the court below, as modified, is

Affirmed.