UNITED STATES of America,
Plaintiff-Appellee,

v.

161.99 ACRES OF LAND, MORE OR LESS, situated IN COLLIN COUNTY, TEXAS, et al., etc., Defendants-Appellants.

No. 74–3245

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 28, 1975.

Roland Boyd, McKinney, Tex., for defendants-appellants.

Roby Hadden, U. S. Atty., Nancy L. James, Asst. U. S. Atty., Tyler, Tex., Wallace H. Johnson, Edmund B. Clark, Dirk D. Snel, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

The sole question presented on this appeal from a land condemnation award is the valuation date. The property owner appellants argue for a date-of-trial value which had apparently doubled in the three years since the time of taking. The law is well established, however, that the landowner is entitled only to the value of the land at the time of taking. We affirm the district court's decision on this point.

The appellants are three former landowners of a tract of land in Collin County, Texas. The United States filed a declaration of taking on January 5, 1971. The taking was not contested, only the value. The Government became owner in fee simple, taking immediate possession pursuant to court order. On June 21, 1971, appellants applied for distribution of the sum which the United States had deposited into the court and received disbursement about a week later. In December 1973, the district court named a three-member commission to try the issue of just compensation. The trial date was April 22, 1974. The land commissioners denied the landowners' motion requesting the valuation date be set as of the date of trial. After some testimony had been offered, the parties agreed on the value at time of taking but preserved the right of the landown-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

ers to appeal the valuation date. The landowners were allowed to offer testimony that the land nearly doubled in value between the date of taking and the date of trial.

The Declaration of Taking Act provides that condemned land is to be valued at the date of taking. 40 U.S.C.A. § 258a. It has long been the settled interpretation of the Fifth Amendment that the value at the time of taking is the measure of the compensation to which the landowner is entitled when the property is taken for public use. *See* United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943); United States v. Klamath and Moadoc Tribes, 304 U.S. 119, 58 S.Ct. 799, 82 L.Ed. 1219 (1938); 2,953.15 Acres of Land v. United States, 350 F.2d 356, 360 (5th Cir. 1964); 6A Nichols on Eminent Domain § 27.25 (1974); 26 Am.Jur.2d Eminent Domain § 131 (1966); 29A C.J.S. Eminent Domain § 185 (1965).

■ Defendants argue, however, that the exceptional circumstances of their situation should modify the established rule. The exceptional circumstances which defendants cite are the dynamic increase in Collin County property value over the period of time from 1968 to the present and the large number of land transactions in the county due to the Dallas metropolitan growth.

The appellants rely on the language in a series of cases which suggests no ironclad rule can be followed in determining value and that exceptional circumstances will modify the most carefully guarded rule. United States v. Reynolds, 397 U.S. 14, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970); United States v. Virginia Electric & Power Corp., 365 U.S. 624, 81 S.Ct. 784, 5 L.Ed.2d 838 (1961); United States v. Commodities Trading Corp., 339 U.S. 121, 70 S.Ct. 547, 94 L.Ed. 707 (1950); Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206 (1878); Porter v. United States, 473 F.2d 1329 (5th Cir. 1973); United States v. Lee, 360 F.2d 449 (5th Cir. 1966); Bishop v. United States, 288 F.2d 525 (5th Cir. 1961). Without exception these cases are concerned with the method of determining the value of the property involved and the factors to be considered in arriving at fair market value, not the date of valuation. We have noted two citations which appellants mention as the only two cases which "have been found where Courts have ever varied from value at the time of taking because of abnormal conditions." United States v. Inlots, Fed.Cas. No. 15441a, 26 Fed.Cas. p. 490 (C.C.Ohio 1873), aff'd without reference to this point in Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449 (1875), and Hocking Valley R. Co. v. Ornstein, 2 Ohio 351 (1935). The cases are inconsequential as authority in the face of the consistent approval given the well established rule by federal courts.

The landowners received the bulk of their compensation in 1971. They never requested the district court to expedite their case. They would be entitled to interest on any difference between the deposited amount and the final award. On both the law and the instant record, the landowners cannot justify the measurement of compensation as of any date later than the time of taking.

Affirmed.