**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**109 ACRES OF LAND, etc., and Allen Wiser, et ux., Defendants.**

**No. CIV-4-74-40.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Oct. 7, 1975.

Herbert S. Sanger, Jr., Gen. Counsel, Charles A. Wagner, III, Asst. Gen. Counsel, and Robert E. Washburn, TVA, Knoxville, Tenn., for plaintiff.

William M. Davis, McMinnville, Tenn., for defendants.

1. " * * * Costs [in condemnation actions] are not subject to Rule 54(d). * * * "

**MEMORANDUM OPINION AND ORDER**

NEESE, District Judge.

This is an eminent domain proceeding involving the taking of private property for public use by the federal government, functioning herein through the relator the Tennessee Valley Authority (TVA). Private property may not be taken for public use without just compensation. Constitution, Fifth Amendment.

Under its inherent power so to do, and prior to the effective date of the Federal Rules of Evidence, esp. Rule 706(b) thereof, the Court appointed an independent value expert witness to appraise the land taken and to testify before the jury his opinion as to its value and as to any damage resulting consequentially to the remainder of the land herein as an aid to the Court in discharging its official duty. In such order of appointment, it was provided that the clerk of this Court would include as costs of this action all expenses necessary to such appraisal and the giving of such opinions by the independent expert witness, " * * * to be borne equally by the relator and the landowners. * * * "

Before the trail herein, the Federal Rules of Evidence became effective. Rule 706(b) thereof provides specifically that compensation in the sum the Court may allow for the services of independent expert witnesses appointed by the Court " * * * is payable from funds which may be provided by law in * * * proceedings involving just compensation under the fifth amendment. * * * " The applicable advisory committee note stated that the aforequoted provision was " * * * designed to guard against reducing constitutionally guaranteed just compensation by requiring the *recipient to pay the costs*. [Emphasis supplied.] See Rule 71A(*l*) of the Rules of Civil Procedure.[1] * * * " In the light of

Rule 71A(*l*), Federal Rules of Civil Procedure.

this language, the Court modified its earlier order as to such payment and directed the clerk to tax the amounts allowed such expert witness as costs against the relator herein. The relator TVA moved for a reconsideration of this direction of the Court, and its setting aside, on the ground that " * * * such fees are not taxable against the relator or the United States * * * " herein.

■ It has been held that costs of condemnation proceedings cannot be taxed against TVA, *United States v. Pressnell,* C.A.6th (1964), 328 F.2d 580, 581[2], and that the 1966 amendment to 28 U.S.C. § 2412 did not authorize the taxation of costs against the United States in an eminent domain proceeding. *United States ex rel. T. V. A. v. Easement & Right-of-Way,* C.A.6th (1971), 452 F.2d 729, 730. Some courts[2] have held that condemnees are entitled to reimbursement from the government for certain expenses they incurred in connection with an eminent domain proceeding, not as costs, but as part of the just compensation to which the landowners are entitled to put them in as good position as possible pecuniarily, as they would have occupied if their property had not been taken.

Thus, where landowners paid the cost of a survey to carry their burden of proving that the condemnor was taking more property than the metes and bounds description utilized in the declaration of taking involved, it was said the trial court should have declared such cost a part of the just compensation contemplated under the Constitution and ordered the federal government to reimburse the condemnees therefor. *United States v. Lee,* C.A.5th (1966), 360 F.2d 449, 452–453[7]. And, following the principle of *Lee, supra,* the federal government was required to pay, as a part of just compensation, the expense of an actuarial opinion which was necessary to apportion correctly an award as between life tenants and remaindermen, " * * * since it [was] an expense attributable to the administrative expedition of apportionment rather than the judicial determination of apportionment * * * " under the state law, and there was no dispute of law or fact concerning the respective interests of the condemnees. *United States v. 818.76 Acres of Land, etc., State of Missouri,* D.C.Mo. (1970), 315 F.Supp. 758, 759–764[2–4], [5]. Neither of those decisions, however, appear to furnish precedential support for ordering the relator to pay the fee and expenses of an independent expert value witness under Rule 706(b), Federal Rules of Evidence. Such payment is to come from a fund which has been provided by law in cases involving just compensation under the Constitution, Fifth Amendment. *Idem.*

Such Rule 706 of the Federal Rules of Evidence expands the practice of Rule 28, Federal Rules of Criminal Procedure, to include civil actions. Advisory Committee's Note to Rule 706, *supra.* Where an expert witness is appointed under Rule 28, Federal Rules of Criminal Procedure, to aid the Court in discharging its official duty, the fund which has been provided by law for the payment of such expenses is the appropriation entitled "Travel and Miscellaneous Expenses" (Judiciary Appropriation Act) for necessary travel and

---

" * * * [C]osts against the United States [and] its * * * agencies shall be imposed only to the extent permitted by law. * * * " Rule 54(d), Federal Rules of Civil Procedure.

2. Where the federal government had obtained the right to occupy certain land by eminent domain, and a special master was appointed to compute the measure of damages,

and the government had misconceived the proper measure thereof, such fee was held not to constitute "fees and costs" within the meaning of 28 U.S.C. § 2412(a) (as it then existed), and the government was required to pay all the costs and expenses of the special master. *Century Investment Corporation v. United States,* C.A.9th (1960), 277 F.2d 247, 254[8].

miscellaneous expenses not otherwise provided for, incurred by the judiciary. Decisions of the Comptroller General (1959), 39 Comp.Gen. 133, 137. Where an expert witness is appointed under Rule 706, Federal Rules of Evidence, to aid the Court in discharging its official duty, therefore, the fund which has been provided by law for the payment of the fee and expenses therefor would appear to be that appropriation now current covering necessary travel and miscellaneous expenses not otherwise provided for, incurred by the judiciary. *Cf.* Decisions of the Comptroller General (1973), 52 Comp.Gen. 621, 623.

◼ Accordingly, this Court's order of July 31, 1975, in so far as it directed the clerk to tax the fee and expense of the witness Mr. Tom Seagroves against the relator herein, hereby is vacated and set aside. The Court hereby orders the director of the Administrative Office of the United States Courts to pay such witness Mr. Tom Seagroves $531.10 from the fund resulting from the current appropriation of the Congress to the Judiciary for necessary travel and miscellaneous expenses not otherwise provided for, incurred by the judiciary for his services and expenses herein.