574 F.2d 238
 UNITED STATES of America, Plaintiff-Appellant Cross-Appellee,
v.
1,380.09 ACRES OF LAND, MORE OR LESS, SITUATED IN CALDWELL
PARISH, STATE OF LOUISIANA, et al. and unknown
owners, Defendants,
Bodcaw Company, Defendant-Appellee Cross-Appellant.
 No. 75-2328.
 United States Court of Appeals,
Fifth Circuit.
 June 1, 1978.
 
 Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., Wallace H. Johnson, Asst. Atty. Gen., Jacques B. Gelin, Eva R. Datz, Peter R. Taft, Asst. Atty. Gen., Raymond N. Zagone, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant cross-appellee.
 Burt W. Sperry, L. Michael Ashbrook, George M. Wear, Jr., Monroe, La., for defendant-appellee cross-appellant.
 Appeals from the United States District Court for the Western District of Louisiana.
 Before COWEN*, GOLDBERG and AINSWORTH, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 The United States brought a proceeding to condemn land owned by the Bodcaw Company, and deposited $99,650 in the court registry as the estimated just compensation for the taking. The Bodcaw Company responded that the amount tendered by the Government was inadequate, and also sought compensation for the expenses of appraising the land and for expert witness fees. A jury trial resulted in an award in favor of the Bodcaw Company for $146,206 as the value of the land, and $20,512.50 was granted to reimburse the appraisal and expert witness expenses incurred by the company. The Government contends that the award of appraisal and expert witness fees is not authorized either by statute or by the Fifth Amendment. We conclude that the appraisal expenses in this case are part of the just compensation mandated by the Fifth Amendment,[1] but that the expert witness fees are not compensable, and therefore remand for an allocation of the $20,512.50 between appraisal and expert witness fees, and entry of an appropriate judgment.
 
 
 2
 The sole issue is whether the appraisal and expert witness fees are elements of just compensation, or whether such expenses are better characterized as "costs" which cannot be taxed against the United States in this condemnation proceeding.[2] Thus, our function under the circumstances here is to interpret the Fifth Amendment, not to construe a federal statute.
 
 
 3
 It is well settled that attorneys' fees and court costs are not part of just compensation, see, e. g., United States v. 2,353.28 Acres of Land, 5 Cir., 1969, 414 F.2d 965, 972, and cannot, with limited exceptions, be taxed to the Government in condemnation cases.[3] However, not every expense incurred in connection with a condemnation proceeding is a noncompensable "cost." See United States v. Lee, 5 Cir., 1966, 360 F.2d 449. In Lee the Government described a tract of land by metes and bounds, but underestimated the acreage. The landowner complained that the estimated acreage was less than the amount stated on his deeds. Nevertheless, the Government refused to survey the tract, and the landowner then conducted a survey which confirmed his suspicion that the size of his property had been underestimated. The Fifth Circuit noted the special need for an independent survey in that case, as the landowner had several deeds to the property, on which the stated acreage of the tract varied. The court recognized the validity of the general proposition that costs cannot be taxed to the United States in condemnation proceedings, but determined that the expense of surveying the land to determine the actual acreage was not such a cost. In explaining its decision, the court stated that
 
 
 4
 " '(j)ust compensation' invokes the equitable powers of the court, and courts must use their equity powers to put an owner of land being condemned in as good position as he would have been if his property had not been taken . . . ." Id. at 452.
 
 
 5
 In concluding, the court emphasized that it was not holding that every survey undertaken by a landowner faced with condemnation must be paid by the Government, but only that compensation was equitable under the facts of that case.[4]
 
 
 6
 The critical question is whether Lee 's reasoning in regard to survey expenses applies to the appraisal costs incurred in this case. The court in Lee emphasized that the determination of just compensation was equitable in nature, and was therefore dependent on the factual context and equities of each case. In addition, the Lee court stated that the central goal of just compensation was to place the landowner in as good a financial position as he would have been absent the taking of his property. These factors are equally present in this case. The land taken by the Government was not of such character that accurate estimates of value easily could be made.[5] Instead, the property taken stretched in a very narrow strip for miles along the bank of a waterway, and had not recently been appraised. The Government made no effort to conduct an on-site appraisal until 1974, nearly three years after this suit was filed and the original $99,650 estimate deposited in the court registry. The $99,650 offered by the United States was nearly $45,000 less than the sum actually awarded by the jury. Thus, the factors stressed by the court in Lee unusual factual circumstances and equitable considerations support the award of appraisal expenses here. Under the facts of this case, we cannot conclude that the Bodcaw Company has been made whole for the Government's taking of its land if the large amount expended by it for appraisals in order to demonstrate the unfairness of the price offered by the United States is not considered an element of just compensation. The noncompensability of attorney's fees and court costs does not require a holding that every analogous expense is noncompensable. In determining just compensation in condemnation cases, our central concern is to do justice, and in this case we find that justice and equity support the award of appraisal fees.[6] However, this court has previously recognized that expert witness fees are viewed as costs. See, e. g., Henning v. Lake Charles Harbor & Terminal District, 5 Cir., 1968, 387 F.2d 264, 267 ("United States District Courts have no authority to tax costs for compensation to expert witnesses in excess of the statutory . . . allowance.")[7] Witness fees are included as "costs" under 28 U.S.C. § 1920(3). Since we accept the Lee court's distinction between expenses that are "costs" and those that are "part of the just compensation contemplated under the Constitution," 360 F.2d at 452, we conclude that the traditional identification of expert witness fees with the costs of litigation indicates that such expenses should not be considered compensable in this condemnation proceeding. We therefore remand the case to the district court to determine the amount of expenses attributable to expert witness fees, to deduct this amount from the award, and to enter an appropriate judgment for the balance.
 
 
 7
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 8
 COWEN, Senior Judge, concurring in part and dissenting in part:
 
 
 9
 Although I concur in all other parts of the court's decision, I cannot agree that the condemnee is entitled to recover the amount expended for an appraisal of its land as a part of just compensation. The majority bases its decision largely on United States v. Lee, 360 F.2d 449 (5th Cir. 1966). In reaching a contrary conclusion, I need not disagree with that decision. Rather, I would limit its application narrowly to the peculiar facts which I think led the court to reach its result in that case. As the majority has noted, the circumstances in Lee were unusual. The Government's declaration of taking described the land by metes and bounds but underestimated the acreage. The landowner complained and asked the Corps of Engineers to make a survey to determine the amount of land involved. The Government refused and informed the owner that he would have to furnish the survey himself. He did so, and the Government later stipulated that the tract actually contained 1,182.06 acres, whereas it had previously contended that there were only 1,100 acres therein.
 
 
 10
 The facts before us are wholly different. What we have here is the rather typical, oft-recurring situation where the landowner is dissatisfied with the Government's valuation, employs an expert to appraise his land, and then utilizes the appraiser as an expert witness in litigation for the purpose of attempting to persuade the court to increase the Government's valuation of the property. The majority recognizes that the fee paid the appraiser as an expert witness is not recoverable and has reversed the district court on that point. Nevertheless, the majority separates the appraisal fee from the other amounts paid the appraiser, classifies the fee as a non-litigation expense, and declares that it is recoverable as a part of just compensation. In my opinion, the distinction is untenable. The fee paid for the appraisal is an integral part of the litigation expenses as fully as services performed by an attorney in preparation for a trial, or the examination of books and records by an accountant in preparation for his testimony in court on accounting issues. Yet, I feel confident that the majority would readily agree that no part of the attorney's or accountant's fees would be recoverable in a Federal condemnation action.
 
 
 11
 Ever since the Supreme Court handed down its decision in Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930), this court and other courts have held that attorneys' fees and other expenses incurred by the condemnee are not embraced within the concept of "just compensation for land taken by eminent domain." United States v. 2,353.28 Acres of Land, etc., State of Fla., 414 F.2d 965, 972 (5th Cir. 1969). In the absence of an authorizing statute, courts may not award a judgment against the United States for costs or other litigation expenses. United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887 (1930); United States v. 23.94 Acres of Land, Floyd Co., Com. of Va., 325 F.Supp. 330 (W.D.Va.1970).
 
 
 12
 There is ample authority for the proposition that the 1966 amendment of 28 U.S.C. § 2412 which authorizes the awarding of costs to the prevailing party in litigation involving the United States, is not applicable in condemnation proceedings. United States ex rel. T. V. A. v. Easement & Right-of-Way, 452 F.2d 729 (6th Cir. 1971), and cases cited therein. No contention to the contrary has been made in this case. Henning v. Lake Charles Harbor and Terminal District, 387 F.2d 264 (5th Cir. 1968), relied upon by the condemnee, is obviously inapposite. It involves a state condemnation action and the application of Louisiana law, which authorizes the recovery of appraisal fees as costs, rather than as a part of just compensation, in such actions. United States v. 71.29 Acres of Land, 376 F.Supp. 1221 (W.D.La.1974), also relied on by the condemnee, is a Federal condemnation case. The court there based its decision on and quoted from Henning, and declared that the landowners were entitled to recover the fees paid to appraisers as costs "especially under the applicable Louisiana law, as followed by the Fifth Circuit (in Henning ) relative to taking of Louisiana property." Thus the district court, in following Henning, treated the fees paid the appraisers as litigation costs and permitted the landowners to recover such costs by applying Louisiana law rather than Federal law.
 
 
 13
 When section 304 of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a) was enacted, Congress made an exception to the long-established rule that the appraisal fees and other expenses incurred by the owner because of condemnation proceedings may not be included in an award against the United States. The statute, Pub.L. 91-646, provides that reimbursement for such expenses shall be awarded to the condemnee only if:
 
 
 14
 (1) The final judgment is that the Federal agency cannot acquire the real property by condemnation or,
 
 
 15
 (2) The proceeding is abandoned by the United States.
 
 
 16
 Neither of these conditions is met in this case.
 
 
 17
 As the Ninth Circuit has explained in United States v. 4.18 Acres of Land, etc., 542 F.2d 786, 788 (1976), Congress intended that section 4654(a) should be construed as creating only a narrow exception to the general rule which forbids the recovery of appraisal fees and expenses incurred by the owner, it being the purpose of Congress to discourage litigation in Federal condemnation proceedings. This holding is supported by the following statement in H.Rep. 91-1656, 91st Cong. 2d Sess., (3 U.S.Code Cong. and Admin.News, p. 5875 (1970)):
 
 
 18
 Ordinarily the Government should not be required to pay expenses incurred by property owners in connection with condemnation proceedings. The invitation to increased litigation is evident.
 
 
 19
 The majority has emphasized the fact that on account of its size, it was very difficult to appraise the value of the property taken on the basis of available market data. This is not an unusual situation. It is common knowledge that in many condemnation cases, there have been no recent sales of comparable properties. Other methods, including the use of expert testimony, must be used frequently to ascertain the fair market value.
 
 
 20
 Under the court's holding today, when a condemnation proceeding is hereafter instituted in the Fifth Circuit, the condemnee may employ an expert to appraise his land, utilize the appraiser as an expert witness in litigating the valuation issue, and if no market data on sales of comparable property are available, he may recover the fee paid for the appraisal as an element of just compensation. In my opinion, such a result is contrary to the rule which the courts have followed since Dohany v. Rogers, supra, was handed down by the Supreme Court and is also in direct conflict with what Congress intended when it enacted Pub.L. 91-646, now codified as 42 U.S.C. § 4654(a).
 
 
 
 *
 Senior Judge of the United States Court of Claims, sitting by designation
 
 
 [1]
 The Fifth Amendment to the United States Constitution reads in part: "nor shall any person . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."
 
 
 [2]
 Without an authorizing statute, costs cannot be assessed against the United States. See United States v. 4.18 Acres of Land, 9 Cir., 1976, 542 F.2d 786, 788. However, 42 U.S.C. § 4654(a) provides that
 (a) The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if
 (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
 (2) the proceeding is abandoned by the United States.
 
 
 [3]
 See 42 U.S.C. § 4654(a), at note 2 supra
 
 
 [4]
 Lee has been noted by this court on three occasions. In Henning v. Lake Charles Harbor & Terminal Dist., 5 Cir., 1968, 387 F.2d 264, a state agency sought to condemn certain property, and the proceedings were removed to federal court. The district court allowed the landowners $5,400 as reasonable compensation for the expenses of consulting geologists, engineers and appraisers, relying on the rationale of Lee. The Fifth Circuit court affirmed the $5,400 award on the basis of Louisiana law, noting that this decision did not "intimate any opinion as to what the rights of these property owners might be in this regard under the Fourteenth Amendment." Id. at 267. Lee was cited for the proposition that just compensation depends on the facts of each particular case in both United States v. 161.99 Acres of Land, 5 Cir., 1975, 512 F.2d 65, 66, and Porter v. United States, 5 Cir., 1973, 473 F.2d 1329, 1334
 In United States v. 71.29 Acres of Land, W.D.La., 1974, 376 F.Supp. 1221, 1227, the district court allowed compensation for "costs, fees, and expenses paid to independent, professional appraisers," relying on Lee and Henning. The district court noted the Lee court's emphasis on the role of equitable considerations in determining the appropriate amount of just compensation. Id.
 
 
 [5]
 J. W. Bowen, an appraiser who testified for the Government, admitted that "(t)his type of property, and by virtue of its size, sir, is almost an impossibility to appraise on the straight market data approach, which is the most accepted method in the courts for appraisals."
 
 
 [6]
 United States v. 4.18 Acres of Land, 9 Cir., 1976, 542 F.2d 786, and other cases relied on by the Government, are not to the contrary. In 4.18 Acres of Land, the Ninth Circuit rejected the landowners' demand for attorneys' fees and expenses. No specific reference was made to appraisal fees, and therefore the court's references to the policy of not encouraging litigation must, therefore, be viewed in light of the fact that attorney's fees and expenses were the issue in that case
 
 
 [7]
 The Henning court relied on Kirby Lumber Corp. v. Louisiana, 5 Cir., 1961, 293 F.2d 82, where the court flatly stated that expert witness fees "are never allowed in condemnation cases in Federal Courts." Id. at 87. Nevertheless, Henning allowed expert witness fees in a condemnation case. The Henning court observed that the Louisiana Supreme Court had held expert witness fees to be part of just compensation under the Louisiana Constitution. The court in Henning concluded that this was a substantive requirement of Louisiana law, and that the federal court was bound to apply the state law. Insofar as Henning applies state law to a state condemnation, it is directly at odds with the terse comment in Kirby Lumber that expert witness fees cannot be recovered in federal courts, as Kirby Lumber was also a Louisiana state condemnation case. In any event, neither case is dispositive on the issue of federal constitutional law that is presently before us