WIECZOREK, and wife, Respondents, v. CITY OF FRANK-LIN, Appellant.

*No. 75-624. Argued November 30, 1977.—Decided January 3, 1978.*
(Also reported in 260 N.W.2d 650.)

For the appellant there was a brief and oral argument by *Gregory P. Gregory* of Cudahy.

For the respondents there was a brief and oral argument by *Richard E. Wittbrot* of Milwaukee.

ABRAHAMSON, J. The sole issue on appeal is whether the property owners are entitled to attorney's fees under sec. 32.05 (5), Stats., where the condemnation proceeding is terminated as a result of a defect in the jurisdictional offer. The trial court awarded fees; we reverse, holding that the owners were not entitled to attorney's fees under sec. 32.05 (5), Stats.[1]

There is no dispute as to the facts. On February 28, 1975, the City of Franklin served a jurisdictional offer to purchase a sewer easement across the property owned by Victor and Stephania Wieczorek. Pursuant to sec. 32.05 (5), Stats., the Wieczoreks instituted an action to contest the city's right to condemn their property. After

---

[1] Sec. 32.05 (5), Stats. 1971, provides, in pertinent part:

"When an owner desires to contest the right of the condemnor to condemn the property described in the jurisdictional offer, for any reason other than that the amount of compensation offered is inadequate, such owner may . . . commence an action in the circuit court of the county wherein the property is located, naming the condemnor as defendant . . . . If the final judgment of the court is that the condemnor cannot condemn the property described in the jurisdictional offer, the judgment shall also award the owner such sum as will in the opinion of the court reimburse the owner for his reasonable costs, disbursements and expenses including reasonable attorney and engineering fees actually incurred because of the action of the condemnor, but the judgment shall not, in addition thereto, award the owner taxable costs and disbursements pursuant to ch. 271."

In 1975, the phrase "ch. 271" was changed to read "ch. 814" to reflect the revision and renumbering of the Wisconsin rules of civil procedure.

the Wieczoreks completed putting in their case on trial, the trial court granted judgment to the Wieczoreks on the ground that the jurisdictional offer was defective because it failed to state the proposed date of occupancy. Sec. 32.05(3)(c), Stats. Incorporated in the judgment was the trial court's conclusion that the city could re-initiate the condemnation by sending the Wieczoreks a proper jurisdictional offer.[2] By subsequent amendment to the judgment, the trial court awarded attorney's fees in the amount of $1,600 to the Wieczoreks under sec. 32.05(5), Stats.[3]

[2] The judgment provided in pertinent part as follows:

"IT IS ADJUDGED that the condemnation of the property described in the Jurisdictional Offer dated February 28, 1975, is voided for failing to provide a specific date as to the proposed date of occupancy as required in Section 32.05(3)(c) of the Wisconsin Statutes.

"IT IS FURTHER ADJUDGED that the defendant, CITY OF FRANKLIN, may re-initiate condemnation of the property in question by sending a new Jurisdictional Offer to the owners of the property in question."

See also Wisconsin Town House Builders v. Madison, 37 Wis.2d 44, 55, 154 N.W.2d 232 (1967), where this court held that "the jurisdictional offer is so defective that it cannot stand and must be declared void. However, it does not follow, as contended by the plaintiff, that the condemnation process is thereby void ab initio including the layout of the street as a controlled-access street. The relocation order is a determination of necessity and of the purpose of the condemnation and remains unaffected. We think the relocation order, appraisal, and the negotiation are valid steps in the process for the purpose of compensating the plaintiff for the property taken. The city of Madison should make a new and proper jurisdictional offer to purchase the plaintiff's land and the condemnation proceeding should continue from that point."

[3] The amended judgment provided in pertinent part as follows:

"IT IS FURTHER ADJUDGED that the Judgment heretofore entered on May 16, 1975, shall conform to the Courts Order for Judgment herein and the plaintiffs are awarded taxable costs in the sum of $1,600.00 from said defendant as a contribution

The trial court made no determination as to the other issues in the case including the question whether the city had the power to condemn the property described in the jurisdictional offer for the installation of sanitary sewer mains.[4] The appeal here involves only the award of $1,600 attorney fees as provided in the amended judgment.

The city contends that attorney's fees were improperly awarded because the trial court did not enter a "final judgment" that the city "cannot condemn the property described in the jurisdictional offer." The trial court, argues the city, decided only that the jurisdictional offer was procedurally defective and that a second jurisdictional offer could be served. The trial court did not decide that the city was without authority to condemn the property in question. Thus, concludes the city, there was no final judgment ending condemnation proceedings against the property, and any costs awarded the Wieczoreks would have to be authorized by ch. 271 (now ch. 814) rather than by sec. 32.05 (5), Stats.

The Wieczoreks contend that the reimbursement for attorney's fees under sec. 32.05 (5) turns not upon an ultimate determination of the merits of the case, but only upon termination in favor of the property owner of any sec. 32.05 proceeding. The city's reading of the statute, they argue, could force the property owner to bear the expense of repeated procedurally defective condemnation litigation.

---

towards plaintiffs' attorney's fees pursuant to Section 32.05 (5), Wisconsin Statutes."

The trial court refused to award any sums for engineering costs since in the trial court's view the only thing the property owner had to do to win was to show a defective jurisdictional offer.

[4] It appears that prior to this appeal the City served a second jurisdictional offer; that the Wieczoreks contested this second offer in circuit court; and that the parties reached an agreement terminating the litigation.

We have said that the constitutional requirement of just compensation does not compel the condemnor to pay the condemnee's attorney's fees in eminent domain proceedings. *Martineau v. State Conservation Comm.*, 54 Wis.2d 76, 85, 194 N.W.2d 664 (1972).[5] The allowance of attorney's fees in condemnation cases is a matter of policy to be determined by the legislature and not a matter of constitutional right.[6]

The language of sec. 32.05(5), Stats., is susceptible to both interpretations argued by the parties. The question is what did the legislature intend. This court has said that "the aim of all statutory construction is to discern the intent of the legislature. . . ." *Green Bay Packaging, Inc. v. ILHR Dept.*, 72 Wis.2d 26, 35, 240 N.W.2d 422 (1976); *Milwaukee County v. State Dept. of ILHR,* 80 Wis.2d 445, 451, 259 N.W.2d 118 (1977).

The intent of the legislature can sometimes be discerned from extrinsic aids including the legislative history of the law. The concluding sentence of sec. 32.05 (5), authorizing an award of attorney's fees "[i]f the final judgment of the court is that the condemnor cannot condemn the property described in the jurisdictional offer," was added to sec. 32.05(5) by ch. 244, sec. 1, and ch. 287, sec. 3m, Laws of 1971. The Fiscal Note attached to the assembly bill which proposed what is now the final sentence of sec. 32.05(5) noted that:

". . . [The sentence under consideration] states that if the court determines that a condemning agency does not have the right to condemn, the condemning agency is required to pay the court costs. The last time this

[5] *See also County of Los Angeles v. Ortiz,* 98 Cal. Rptr. 454, 490 P.2d 1142, 1144–45 (1971) and cases cited therein.

[6] *See Schwartz v. Western Power Co.,* 208 Kan. 844, 494 P.2d 1113, 1117 (1972); 4 A. Nichols on Eminent Domain, sec. 14.249[4] and cases cited therein.

occurred was in 1952. Based on past experience, it is estimated that this . . . legislation will have minimal, if any effect on state and local revenues." Text of Fiscal Note, 1971 Assembly Bill 1567.

This limited legislative history appears to support the city's contentions that the phrase "cannot condemn" means "has no right to condemn" and that the circuit court therefore improperly awarded attorney's fees to the Wieczoreks.

The final sentence of sec. 32.05 (5) is similar to section 304 (a) (1) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. sec. 4654 (a) (1) (1970), which provides as follows:

"(a) The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner . . . such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—
"(1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; . . . ."7

---

7 *Compare* the language of sec. 32.05 (5), Stats. and 42 USC sec. 4654 (a) (1) *with* sec. 1303 of the Uniform Eminent Domain Code which provides:

"(a) The court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason.

"(b) If the scope of the property to be taken is reduced as the result of (1) a partial dismissal, (2) a dismissal of one or more plaintiffs, or (3) a final judgment determining that the plaintiff cannot take part of the property originally sought to be taken, the court shall award the defendant the portion of his litigation expenses attributable to the property within the scope of the reduction.

"(c) Costs and litigation expenses authorized by this section may be claimed, taxed, and awarded under the same procedures that apply to costs in other civil actions."

■ The only court to construe section 304(a)(1) has given the statute a narrow reading. In *United States v. 4.18 Acres of Land*, 542 F.2d 786 (1976), the court of appeals held that a landowner is not entitled to attorney's fees under section 304(a)(1) where a condemnation action brought by the United States is dismissed without prejudice because of a correctable procedural flaw. Concluding from a review of the legislative history that "Congress intended by section 304 (a) to create a narrow exception to the general rule of nonrecovery of litigation expenses," 542 F.2d at 789, the court went on to reason as follows:

"The trial court held only that the action was premature, dismissing without prejudice because of a correctable procedural flaw. Such a dismissal is not a final judgment that the federal agency 'cannot acquire the real property by condemnation.' This language suggests a case in which the federal agency has moved to condemn property without warrant—for example, in the absence of any authority or of a public purpose . . . .

"Were we to construe section 304(a) as requiring an award of litigation expenses whenever the initial proceeding was dismissed for whatever reason, the award would often be largely fortuitous, depending upon the effect given by the trial court to errors committed during or prior to trial. Had the district court in this case permitted the government to amend the complaint to reflect the correction of the procedural error, rather than dismissing the action, appellants would not be entitled to expenses. Congress could not have intended that the right to recover expenses turn upon such a difference." 542 F.2d at 789.

■ We find the reasoning of the court of appeals persuasive. The language of sec. 32.05(5), although not unambiguous, and the legislative history suggest that the legislature intended to permit the recovery of attorney's fees only by the landowner who prevails on

the merits in a sec. 32.05(5) action. In *Martineau v. State Conservation Comm.*, 54 Wis.2d at 85, this court held that a statute permitting recovery of attorney's fees where a state agency voluntarily abandons a condemnation proceeding does not apply to permit recovery where the proceeding is involuntarily abandoned. "Any other interpretation" said this court, "would violate the rule against taxation of costs against the state in the absence of a statute expressly allowing such taxation."

For these reasons, we conclude that attorney's fees should not have been awarded in the case at bar under sec. 32.05(5), Stats. Costs in this matter are governed by ch. 814, Stats.

*By the Court.*—Judgment awarding reasonable attorney fees under sec. 32.05(5), Stats., reversed and cause remanded for further proceedings not inconsistent with this opinion.