HARVEY L. SORENSEN AND MARGOT SORENSEN, APPELLANTS, v. LOWER NIOBRARA NATURAL RESOURCES DISTRICT, APPELLEE.

340 N.W.2d 164

Filed November 18, 1983. No. 82-707.

Frank Roubicek, for appellants.

John M. Peebles of Peebles & Smith, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and NORTON, D.J., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The Sorensens appeal from the order of the District Court overruling their motion for fees and costs arising from a condemnation proceeding brought by the Lower Niobrara Natural Resources District (Lower Niobrara).

On July 24, 1981, Lower Niobrara filed a petition in the county court seeking the appointment of appraisers to appraise two tracts of land owned by the Sorensens, which the district sought to condemn. The return of the appraisers was filed on September 8, 1981. The Sorensens appealed from the award of the appraisers to the District Court, and filed their petition in the District Court on September 9, 1981, requesting injunctive relief and damages.

Lower Niobrara commenced a second condemnation proceeding on January 6, 1982, to condemn the same two tracts. The award of the appraisers was appealed to the District Court by the Sorensens on January 28, 1982.

The petition filed in the District Court in the second appeal alleged three causes of action, the first two relating to the right of Lower Niobrara to condemn the land. The trial court found for the defendant on the first two causes of action and retained the case for trial on the merits as to the third cause of action. The Sorensens attempted to appeal the judgment on the first two causes of action to this court, but Lower Niobrara's motion for summary dismissal was sustained on November 3, 1982, and that appeal was dismissed.

On March 15, 1982, the Sorensens filed a motion in

the District Court in this case to recover their fees and costs pursuant to Neb. Rev. Stat. § 76-1203.01 (Reissue 1981).

On March 22, 1982, the District Court found that Lower Niobrara had failed to comply with the statutory requirements for notice and hearing concerning the proposed acquisition before commencing the condemnation proceeding, and issued a permanent injunction enjoining Lower Niobrara from entering upon the two tracts under color of authority of the July 24, 1981, condemnation proceeding. The trial court at that time reserved ruling on the plaintiffs' claim for fees and costs. Lower Niobrara did not appeal from the judgment granting a permanent injunction.

On October 7, 1982, the court disallowed the Sorensens' application for fees and costs. The Sorensens appeal from this order.

The Sorensens make their claim for fees and costs pursuant to § 76-1203.01: "The court having jurisdiction of a proceeding, instituted by an agency as defined in section 76-1201, to acquire real property by condemnation shall award the owner of any right, title, or interest in such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees actually incurred because of the condemnation proceedings, if (1) the final judgment is that the agency cannot acquire the real property by condemnation; or (2) the proceeding is abandoned by the agency. If a settlement is effected by an agency, the court may award to the plaintiff reasonable expenses, fees, and costs."

Section 76-1203.01 was enacted in response to the following federal statute: "Notwithstanding any other law, the head of a Federal agency shall not approve any program or project or any grant to, or contract or agreement with, a State agency under which Federal financial assistance will be avail-

able to pay all or part of the cost of any program or project which will result in the acquisition of real property on and after January 2, 1971, unless he receives satisfactory assurances from such State agency that—

"(1) in acquiring real property it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 of this title and the provisions of section 4652 of this title, and

"(2) property owners will be paid or reimbursed for necessary expenses as specified in sections 4653 and 4654 of this title." 42 U.S.C. § 4655 (1976).

Section 76-1203.01 is modeled upon 42 U.S.C. § 4654(a) (1976): "The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—

"(1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or

"(2) the proceeding is abandoned by the United States."

In *United States v. 410.69 Acres of Land, etc.*, 608 F.2d 1073, 1076 (5th Cir. 1979), the court said of § 4654: "Clearly Congress intended to create only a narrow exception to the general rule of nonrecovery for litigation expenses in condemnation cases . . . ."

The Sorensens contend that the present case falls within either of the two classes in which expenses are authorized by the statute. They argue that the permanent injunction issued by the District Court was a "final judgment" and should be given the

same meaning as a final judgment for appeal purposes. This argument is not persuasive.

The statute provides that expenses will be reimbursed if the condemnation culminated in a final judgment that the agency cannot acquire the land by condemnation. In *United States v. 4.18 Acres of Land, etc.*, 542 F.2d 786 (9th Cir. 1976), the court held that "final judgment" as used in § 4654(a) suggests a case in which the agency sought to condemn property without warrant.

In the present case the court issued an order enjoining Lower Niobrara from entering upon the land by virtue of the first condemnation proceeding. The basis for this order was that the condemnation proceeding had a procedural flaw. This order did not preclude a subsequent condemnation of the land and, in fact, Lower Niobrara has acquired the land through the second condemnation proceeding. In *Wieczorek v. Franklin*, 82 Wis. 2d 19, 260 N.W.2d 650 (1978), the court held that a dismissal for a procedural flaw in a condemnation proceeding was not a final judgment when the condemnor had the right to reinstitute the proceedings.

Alternatively, the Sorensens argue that Lower Niobrara abandoned the proceeding because it did not appeal the order granting the injunction. In *United States v. 4.18 Acres of Land, etc., supra* at 789, the court stated: "And it would be contrary to the substance of what occurred in this case to hold that the United States 'abandoned' the proceeding. The suit was not dismissed at the instance of the government, but over the government's opposition on motion by the landowner. It is true that the United States dismissed its appeal. However, the government announced that its purpose was only to avoid delay, and that a new condemnation proceeding would be instituted. Such a proceeding has in fact been filed, within a year of dismissal of the original action. Quite a different situation would be presented if the government had not asserted its in-

tention to file a new complaint and declaration of taking, and had not carried out that intention before this appeal was heard."

"Abandon" is defined as "[t]o relinquish or give up with intent of never again resuming one's right or interest." Black's Law Dictionary 2 (5th ed. 1979).

In the present case Lower Niobrara did not abandon its interest in condemning the property. The failure to appeal does not amount to an abandonment, in light of the fact that Lower Niobrara instituted a second condemnation proceeding. See *Drexel v. Reed*, 65 Neb. 231, 91 N.W. 254 (1902).

Although there are cases to the contrary in other jurisdictions, we believe the correct rule is that a condemnee can recover fees and costs under § 76-1203.01 only where the final judgment prevents the agency from acquiring the property by any condemnation proceeding or the agency abandons all attempts to acquire the property by condemnation.

The judgment of the District Court is affirmed.

AFFIRMED.