Robert E. Toombs and Betty J. Toombs,
husband and wife, Plaintiffs-Respondents,

v.

Washburn County, a body politic, and Eugene Ander-
son, Washburn County Highway Commissioner, as
agent for Washburn County, Defendants-Appellants.

Court of Appeals

*No. 83–1882. Submitted on briefs April 2, 1984.—
Decided May 15, 1984.*

For the appellants the cause was submitted on the
briefs of *Edwin W. Fischer,* district attorney.

For the respondents the cause was submitted on the
brief of *Eugene D. Harrington* of Spooner.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Robert and Betty Toombs successfully
challenged Washburn County's attempt to condemn their
property.  The county and its highway commissioner ap-
peal that part of a judgment awarding the Toombses liti-
gation expenses under sec. 32.28(3)(b), Stats.  They

argue that the trial court based the award on its errone-
ous conclusion that the county had no right to condemn.
Because the court also determined that the county failed
to establish a necessity for taking the Toombses' prop-
erty, we affirm the judgment.

The county sought some of the Toombses' property to
construct improvements to a county highway. When the
Toombses refused to sell, the county began condemnation
proceedings by filing a relocation order and map. The
Toombses sought an injunction, alleging that the reloca-
tion order was invalid. *See* sec. 32.05(5), Stats. The
trial court agreed, granted the injunction, and awarded
litigation expenses including attorney and appraiser fees.

Section 32.28(3)(b) requires the trial court to award
litigation expenses to the condemnee if "the court deter-
mines that the condemnor does not have the right to
condemn part or all of the property described in the
jurisdictional offer or there is no necessity for its tak-
ing." A county may condemn property "for any lawful
purpose," sec. 32.02(1), Stats., including the improve-
ment of transportation facilities, *see* sec. 32.05, Stats.
The first step in condemnation for this purpose is the
adoption of a relocation order under sec. 32.05(1), Stats.
*Wisconsin Town House Builders, Inc. v. City of Madison*,
37 Wis. 2d 44, 52, 154 N.W.2d 232, 235 (1967). The re-
location order takes the place of and constitutes a deter-
mination of necessity. *Id.* Therefore, until the county
produces a valid relocation order, it has failed to estab-
lish the necessity for taking the land it seeks to condemn.

The trial court granted the Toombses summary judg-
ment based on its conclusion that the county's relocation
order was invalid. The county does not challenge that
conclusion. It argues, however, that the trial court's
failure to expressly consider the issue of the necessity for
taking in its decision on the motion for summary judg-
ment means that the court awarded litigation expenses
based solely on its conclusion that the county had no

right to condemn. We disagree. The trial court's statement that "the issues . . . are limited to the right of the defendants to condemnation" was intended merely to limit the decision to the Toombses' first cause of action that was based on the invalidity of the relocation order.[1] A valid relocation order is required to establish the necessity for condemnation under sec. 32.05 and, because the county failed to produce a valid relocation order as required by statute, the Toombses were entitled to litigation expenses under sec. 32.28(3)(b).

In deciding the county's motion to review costs, the trial court made it clear that it awarded litigation expenses under sec. 32.28(3)(b) because it concluded both that there was no necessity for taking and that the county had no right to condemn. Relying on *Wisconsin Town House Builders,* the court stated, "the relocation order being void, the court concludes that there was no determination of the necessity for the taking." We agree with the trial court's conclusion and note that, even in condemnation proceedings not requiring a relocation order, the condemnor is required to establish the necessity of the taking in addition to having a right to condemn. *See* secs. 32.06(1), 32.07(2), and 32.28(3)(b), Stats.. Since the county's failure to produce a valid relocation order is sufficient to support the judgment, we need not consider the trial court's conclusion that the county had no right to condemn.

*Wieczorek v. City of Franklin,* 82 Wis. 2d 19, 260 N.W.2d 650 (1978), does not require a different result. In that case, the condemnees were not entitled to attorney fees under sec. 32.05(5) Stats. (1971), for success-

[1] The trial court stated, "the court concludes that the issues in the present action are limited to the right of the defendants to condemnation, *and the causes of action alleged by the plaintiffs in addition to that issue* [bad faith, insufficient jurisdictional offer and various damages] are dismissed." [Emphasis added.]

fully challenging a city's defective jurisdictional offer. *Wieczorek,* 82 Wis. 2d at 25–26, 260 N.W.2d at 653. The jurisdictional offer is a jurisdictional requisite to condemnation, sec. 32.05 (4), Stats., a matter independent of whether the condemnor has proved there is a necessity for the taking.

Likewise, our decision will not require local governments to pay the litigation expenses of all who can find a correctable procedural flaw in condemnation proceedings. Section 32.28 (3) (b) does not enable a condemnee to recover litigation expenses from a condemnor who has a right to condemn and who shows a necessity for taking as directed by statute.

*By the Court.*—Judgment affirmed.