UNITED STATES of America, Plaintiff-Appellee,

v.

4.18 ACRES OF LAND, MORE OR LESS, situate IN IDAHO COUNTY, STATE OF IDAHO, and Scott Stanford Harris, et al., Defendants-Appellants.

No. 75–2153.

United States Court of Appeals, Ninth Circuit.

Sept. 27, 1976.

Herbert W. Rettig of Dunlap, Rettig & Rosenberry, Caldwell, Idaho, W. F. Schroeder of Schroeder, Denning & Hutchens, Vale, Or., for defendants-appellants.

Paul L. Westburg, Asst. U. S. Atty., Boise, Idaho, Jacques B. Gelin and Eva R. Datz, Attys. of the Dept of Justice, Washington, D.C., for plaintiff-appellee.

Before BROWNING, MERRILL and LAY,* Circuit Judges.

PER CURIAM:

The United States commenced this action on June 3, 1974, to condemn 4.18 acres of land in Idaho County, Idaho. The district court dismissed the action without prejudice as premature because the United States

---

* Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Forest Service had not complied prior to commencing the action, with regulations[1] published by the Advisory Council on Historic Preservation under the National Historic Preservation Act, 16 U.S.C. § 470 et seq. (1970), *as amended* (Supp. V, 1975). This defect was cured by the Forest Service as of February 20, 1975, while the proceeding was still pending in the district court. The sole issue presented on appeal is whether appellants are entitled to attorneys' fees and other expenses by virtue of section 304(a) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(a) (1970), which provides:

(a) The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—

(1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or

(2) the proceeding is abandoned by the United States.[2]

The district court held that attorneys' fees and other expenses could not be awarded under section 304(a)(1) because "[i]t is not the final judgment of this Court that the Forest Service cannot acquire the real property by condemnation, only that the decision to condemn, the Declaration of Taking and the Complaint were premature." The court specifically noted that the public purpose for which the land was sought to be condemned was "clearly present," and that the government had al-

ready moved to cure the error. The court expressed no opinion regarding abandonment under section 304(a)(2).

■ The constitutional requirement of just compensation for the taking of land by eminent domain does not include attorneys' fees and expenses. *Dohany v. Rogers,* 281 U.S. 362, 368, 50 S.Ct. 299, 74 L.Ed. 904 (1930); *United States v. 2,353.28 Acres of Land,* 414 F.2d 965, 972 (5th Cir. 1969). And absent an authorizing statute, courts may not grant a judgment against the United States for costs or expenses. *United States v. Worley,* 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887 (1930); *Citizens Committee v. Callaway,* 494 F.2d 124, 126 (9th Cir. 1974). The question is whether section 304(a) authorizes such an award in the circumstances of this case.

■ Though sparse and generally unilluminating, the legislative history supports a narrow reading of the statute. In the course of hearings, Dr. Leslie L. Glasgow, Department of the Interior, submitted a comment disapproving a proposal to award attorneys' fees in condemnation cases, claiming such awards would encourage rather than discourage litigation, contrary to the policy of section 301. *Hearings on S. 1 and H.R. 14965 Before the House Comm. on Public Works,* 91st Cong., 1st & 2d Sess. 555 (1970). The report of the Public Works Committee of the House of Representatives makes it clear that section 304 is not to be construed broadly. After paraphrasing the section, the report states: "Ordinarily the Government should not be required to pay expenses incurred by property owners in connection with condemnation proceedings. The invitation to increased litigation is evident." H.R. Rep. No. 91–1656, 91st Cong., 2d Sess., contained in 3 U.S.Code Cong. &

---

1. 36 C.F.R. § 800 et seq. (1974). The Forest Service had not forwarded to the Advisory Council documentation supporting the Forest Service's finding that no adverse effect upon the property would occur from the proposed use of the property, as required by 36 C.F.R. § 800.4(d) (1974).

2. No court has construed § 304(a)(1), and only one court has interpreted § 304(a)(2), *United States v. 431.60 Acres of Land,* 355 F.Supp. 1093 (S.D.Ga.1973). In that case, unlike this one, the United States admitted to having abandoned the condemnation proceeding (355 F.Supp. at 1095), and there was no indication that the government intended to pursue its effort to condemn the land at issue. *Id.* &

Admin. News 5875 (1970). The same sentiment was expressed during House debate, Representative Brotzman stating that he approved the limitations placed upon recovery of attorneys' fees because of his fear that such awards could be an "invitation to litigation." 116 Cong. Rec. 40,171 (1970).

It seems fair to conclude that Congress intended by section 304(a) to create a narrow exception to the general rule of nonrecovery of litigation expenses. Recovery of litigation expenses in the present case could be justified only by a most expansive reading of the statute.

The trial court held only that the action was premature, dismissing without prejudice because of a correctable procedural flaw. Such a dismissal is not a final judgment that the federal agency "cannot acquire the real property by condemnation." This language suggests a case in which the federal agency has moved to condemn property without warrant—for example, in the absence of any authority or of a public purpose.

And it would be contrary to the substance of what occurred in this case to hold that the United States "abandoned" the proceeding. The suit was not dismissed at the instance of the government, but over the government's opposition on motion by the landowner. It is true that the United States dismissed its appeal. However, the government announced that its purpose was only to avoid delay, and that a new condemnation proceeding would be instituted. Such a proceeding has in fact been filed, within a year of dismissal of the original action. Quite a different situation would be presented if the government had not asserted its intention to file a new complaint and declaration of taking, and had not carried out that intention before this appeal was heard.

Were we to construe section 304(a) as requiring an award of litigation expenses whenever the initial proceeding was dismissed for whatever reason, the award would often be largely fortuitous, depending upon the effect given by the trial court to errors committed during or prior to trial.

Had the district court in this case permitted the government to amend the complaint to reflect the correction of the procedural error, rather than dismissing the action, appellants would not be entitled to expenses. Congress could not have intended that the right to recover expenses turn upon such a difference.

Affirmed.