UNITED STATES of America, Plaintiff,

v.

410.69 ACRES OF LAND, MORE OR LESS, IN ESCAMBIA COUNTY, STATE OF FLORIDA, etc., et al., Defendants.

PCA No. 73–71.

United States District Court,
N. D. Florida,
Pensacola Division.

March 20, 1979.

Arnold M. Weiner, Land & Natural Resources Div., U. S. Dept. of Justice, Miami, Fla., for plaintiff.

John R. Farrell, Miami, Fla., for defendants.

ORDER

ARNOW, Chief Judge.

Before the court is motion of defendant Perdido Key, Inc. to assess and award attorney fees and costs.

Basis for this motion is 42 U.S.C. § 4654(a)(2) which provides the court shall award the landowner in a condemnation case the reasonable costs and attorney's fees actually incurred by him if the proceeding is abandoned by the United States. Although not squarely on point, the court concludes this case is governed by the rationale of *U. S. v. 4.18 Acres of Land, More or Less, Situate in Idaho, State of Idaho*, 542 F.2d 786 (9th Cir. 1976). In that case the court noted that the legislative history "though sparse and generally unilluminating", supports a narrow reading of the statute and creates a narrow exception to the general rule of nonrecovery of litigation expenses in condemnation cases. There, the suit was dismissed by the trial court at the instance of the landowner over the opposition of the government. The government appealed but dismissed its appeal. On a later appeal from the trial court's denial of attorneys' fees the Court of Appeals stated:

".  .  . It is true that the United States dismissed its appeal. However, the government announced that its purpose was only to avoid delay, and that a new condemnation proceeding would be instituted. Such a proceeding has in fact been filed, within a year of dismissal of the original action. Quite a different situation would be presented if the government had not asserted its intention to file a new complaint and declaration of taking, and had not carried out that intention before this appeal was heard."

In that situation the court found the United States had not "abandoned" the proceedings within the meaning of the statute.

Here, as contended in the government's memorandum and as admitted in the affidavit of Mr. Farrell, there was never any indication that the government intended to

abandon the project. At the time the United States dismissed this action the stated reason was that the appraisals exceeded the monetary ceiling for the project and it was further stated the case would be refiled upon congressional authorization of additional funds. Prior to refiling of the condemnation proceedings, sale of the property was consummated, thus obviating the necessity for such refiling.

Under the rationale of the Ninth Circuit this court concludes this proceeding was never "abandoned" by the government within the intent and meaning of the statute.

There exist other serious questions as to the contract for attorney's fees, what, if any, fees and costs were actually incurred as a result of the condemnation proceedings and the reasonableness of such fees and costs. However, in light of the court's present ruling, determination of these problems is pretermitted as unnecessary for decision.

Therefore, it is ORDERED: Motion of defendant Perdido Key, Inc. to assess and award attorney fees and costs is hereby denied.