CITY OF MISHAWAKA, on behalf of its Department of Redevelopment, Plaintiff-Appellant,

v.

The KNIGHTS OF COLUMBUS HOME ASSOCIATION OF MISHAWAKA, Indiana, et al., Defendants-Appellees.

No. 3–1077A270.

Court of Appeals of Indiana, Third District.

Nov. 29, 1979.

Rehearing Denied Jan. 14, 1980.

John Schindler, Jr., Schindler & Olson, Mishawaka, for defendant-appellee Knights of Columbus Home Ass'n of Mishawaka.

HOFFMAN, Judge.

The Department of Redevelopment of the City of Mishawaka (the City) filed suit in the court below to condemn real estate owned by the Knights of Columbus Home Association of Mishawaka (the Association) for use in the City's downtown urban renewal project. The Association filed its objections to the condemnation, alleging, *inter alia*, that the City had failed to provide relocation assistance and had failed to make an effort to acquire the property by negotiation. After discovery, both parties moved for summary judgment.

The trial court granted the Association's motion, holding, in a "Memorandum of Decision" that the City was required to comply with both the relocation assistance provisions and the real property acquisition policy provisions of the Indiana Relocation Assistance Act, IC 1971, 8–13–18.5–1 *et seq.* (Burns Code Ed.) and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601, *et seq.* as a condition precedent to acquiring the Association's property by condemnation. This appeal followed.

### I.

In the companion case of *City of Mishawaka v. Fred W. Bubb Funeral Chapel, Inc.* (1979), Ind.App., 396 N.E.2d 943, (No. 3–279 A 34, handed down November 27, 1979) which involved the same urban renewal project here at issue, this Court held that the City is not required to provide relocation assistance until after it has acquired real property by purchase or condemnation. It follows that the court below erred when it concluded that the City was obligated to provide such assistance as a condition precedent to filing a condemnation action.

The record discloses that, although the Association owns the real estate which the City seeks to acquire, it does not occupy any part of the premises. The Association

R. Wyatt Mick, Jr., David V. Bent, Mishawaka, for plaintiff-appellant.

is therefore not entitled to relocation assistance at any time, for it is not a "displaced person", so as to entitle it to assistance under IC 1971, 8–13–18.5–3—8–13–18.5–8 (Burns Code Ed.) and 42 U.S.C. §§ 4622–4625:

"As used in this chapter—

\* \* \* \* \* \*

(6) *The term 'displaced person' means any person who,* on or after January 2, 1971, *moves from real property, or moves his personal property from real property,* as a result of the acquisition of such real property, in whole or in part, or as the result of the written order of the acquiring agency to vacate real property, for a program or project undertaken by a Federal agency, or with Federal financial assistance; and solely for the purposes of sections 4622(a) and (b) and 4625 of this title, as a result of the acquisition of or as the result of the written order of the acquiring agency to vacate other real property, on which such person conducts a business or farm operation, for such program or project. . . ."
(Emphasis added.)

42 U.S.C. § 4601.

This conclusion is in accord with the obvious intent of the Acts here at issue: to give aid to those who suffer some economic detriment due to the taking of their property. As the court observed in *Lewis v. Brinegar* (W.D.Mo.,1974), 372 F.Supp. 424, at 430:

"The evident purpose of the relocation assistance provisions of the Act . . . is to compensate and make economically whole those persons who are necessarily and unavoidably uprooted from their homes and businesses as a result of federal and federally assisted state projects undertaken for the public good."

Plainly, a non-occupant landowner is not "uprooted" by the acquisition of its property so as to warrant extending to it the benefits of the statute.

## II.

■ In a second companion case, *City of Mishawaka v. Sara, et al.* (1979), Ind.App., 396 N.E.2d 946, (No. 3–1077 A 271, handed down November 28, 1979) also involving the above-mentioned project, this Court held that the real property acquisition policies stated in IC 1971, 8–13–18.5–11 (Burns Code Ed.) and in 42 U.S.C. § 4651 create no rights in one whose property is taken for a federally-funded project. The trial court's holding in that case that the City's compliance with those policies was a condition precedent to its right to maintain a condemnation action was, therefore, reversed. Similarly, the trial court in the instant case erred when it reached the same conclusion.

■ Finally, there is another basis for this Court's conclusion that the trial court erred when it held, on the basis of IC 1971, 8–13–18.5–11(1) and 42 U.S.C. § 4651(1), that the City was required to negotiate in good faith for the property prior to condemning it. It appears from the record that one Mr. Philion, a redevelopment commissioner, was also the president of and a stockholder in the Association. Under such circumstances, the City (by way of the Department of Redevelopment) was without power to negotiate for the acquisition of the Association's property for the renewal project. Rather, it could acquire that property only by gift or by condemnation. IC 1971, 18–7–7–10 (Burns Code Ed.).

For all the foregoing reasons, the judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.