### The BOARD OF COMMISSIONERS OF the COUNTY OF KNOX, Appellant–Plaintiff,

v.

### James B. WYANT and Dana M. Wyant, Husband and Wife, Security Bank & Trust Co., Susan Dutton and Charles Dutton, Wife and Husband, Susan Dutton, Personal Representative of the Estate of Bonnie Threlkeld, Appellees–Defendants.

### No. 14A01–9508–CV–246.

Court of Appeals of Indiana.

Oct. 30, 1996.

Rehearing Denied Jan. 6, 1997.

Robert D. Lewis, Lewis & Miller, Vincennes, for Appellant.

Rabb Emison, Emison, Doolittle, Kolb & Roellgen, Vincennes, Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The Board of Commissioners of the County of Knox ("the County") appeals from the trial court's order which awarded attorney fees to James B. Wyant and Dana M. Wyant, Security Bank & Trust Company, Charles Dutton and Susan Dutton, as husband and wife, and Susan Dutton, as the personal representative of the Estate of Bonnie Threlkeld ("the Landowners"). The attorney fees were incurred during condemnation proceedings initiated by the County in an attempt to obtain easements on the Landowners' property in order to improve the condition of a Knox County road. The issue presented for our review is whether the trial court erred when it awarded the Landowners attorney fees.[1]

### FACTS

As part of an effort to improve Knox County Road SE 100, the County sought to secure easements from several landowners

---

1. The County raises a second issue in its brief: whether the trial court abused its discretion when it denied the County's Motion for Leave to Amend Complaint. The County filed this Motion after the trial court had dismissed the condemnation proceedings in favor of the Landowners on June 1, 1994, and the trial court denied the Motion on September 19, 1994. We need not consider this issue.

The trial court dismissed the proceedings without prejudice, and the County was not precluded from filing new complaints against the Landowners. Furthermore, as our decision today holds, the Landowners have not satisfied the requirements of Indiana Code § 8–23–17–27. The order of dismissal did not constitute a final judgment that the County could not acquire the property by eminent domain, nor did the order state that the County had abandoned the condemnation proceedings. Thus, the County was not prejudiced by the order of dismissal in any cognizable way.

whose property abutted the road. The County was unable to obtain easements from two landowners—the Duttons and the Wyants. The County then initiated condemnation proceedings against the Landowners in Knox Circuit Court. The Landowners moved for a change of venue, which was granted by the trial court. In the Daviess Circuit Court, the two causes were consolidated for the purpose of hearing the Landowners' objections to the County's complaints.

At the conclusion of the County's evidence, the Landowners moved for judgment on the evidence, and the trial court dismissed the action. The court's order stated that the County had successfully demonstrated a public need for the improvements, as required by statute. *See* IND.CODE § 32-11-1-1. However, the court found that the County had not met:

> The requirements of proper description of the matters to be condemned and the appraisal relative thereto are not met here. The complaint does not properly describe the property to be taken, particularly the temporary easement. The appraisal was made based on the defective description and cannot be proper. No good faith offer to the Defendants could be made since there is no proper description of the land and matters to be taken. The appraisals were based strictly on a per acre price and not on actual loss to each specific property. The same formula was used on each property ignoring the fact that each property is unique with obvious differences in the effect of the taking. The Motions of the Defendants are well taken and are hereby granted by the Court. The action in both cases are dismissed.

Record at 39.

Following entry of the above order, the County filed a Motion for Leave to Amend the Complaint, which was denied on September 19, 1994. The Landowners then filed petitions to recover attorney fees and costs from the County. These petitions were denied on December 16, 1994, and the Landowners filed a Motion to Correct Error. The court heard oral argument, and, on April 12, 1995, awarded the Landowners attorney fees: $8,182.59 to the Wyants, $8,210.69 to the Duttons.

## DISCUSSION AND DECISION

■ Indiana adheres to the American Rule which requires that parties pay their own attorney fees absent an agreement between the parties, statutory authority or rule to the contrary. *Johnson v. Sprague*, 614 N.E.2d 585, 589 (Ind.Ct.App.1993). In light of this rule, the Landowners direct us to a provision of the Indiana Relocation Assistance Act, Indiana Code § 8-23-17 *et seq.*, ("the Indiana Act") which states in relevant part:

> (a) The court having jurisdiction of a proceeding instituted by an agency to acquire real property by eminent domain shall award the owner of a right, or title to, or interest in, the real property the sum that will in the opinion of the court reimburse the owner for reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if:
>
> > (1) The final judgment is that the agency *cannot acquire the real property by eminent domain;* or
> >
> > (2) The proceeding is *abandoned* by the agency.

IND.CODE § 8-23-17-27 (emphasis added).

The County contends that the trial court erred when it awarded the Landowners attorney fees pursuant to this statute. Specifically, the County asserts that the statutory requirements delineated by Indiana Code § 8-23-17-27 were not satisfied because (1) the court did not enter a final judgment stating that the County cannot acquire the land by eminent domain and (2) the County did not abandon the proceedings. We agree.

■ The interpretation of Indiana Code § 8-23-17-27 is an issue of first impression for this court. When construing an Indiana statute we are not bound by decisions from foreign jurisdictions. *Hatfield v. La Charmant Home Owners Ass'n, Inc.*, 469 N.E.2d 1218, 1221 (Ind.Ct.App.1984), *trans. denied.* However, when interpreting an Indiana statute for the first time, it is appropriate to look

to the decisions of other jurisdictions which construe identical statutory provisions. *Id.* The federal counterpart, 42 U.S.C. § 4654, is nearly identical to Indiana Code § 8–23–17–27.[2] We therefore look to federal law to aid us in our interpretation of Indiana Code § 8–23–17–27.

■ The Indiana Relocation Assistance Act is modeled after the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* ("the Federal Act"). *City of Mishawaka v. Fred W. Bubb Funeral Chapel, Inc.,* 396 N.E.2d 943, 944 (Ind.Ct.App.1979). Both acts were designed to provide relocation assistance to property owners who are displaced by governmental programs and forced to relocate their homes, businesses, or farms. *See City of Mishawaka v. K. of C. Home Ass'n of Mishawaka,* 396 N.E.2d 948, 950 (Ind.Ct.App.1979). The Federal Act indicates that the policy of the act is to establish:

> [A] uniform policy for the fair and equitable treatment of person displaced as a direct result of programs or projects undertaken by a Federal agency or with Federal financial assistance. The primary purpose of this subchapter is to ensure that such persons shall not suffer disproportionate injuries as a result of programs and projects designed for the benefit of the public as a whole and to minimize the hardship of displacement on such persons.

42 U.S.C. § 4621(b) (1970). We have previously stated that the Indiana Act was designed to complement the Federal Act, "thus requiring local and state agencies which acquire property to provide relocation programs in instances when those agencies are not required to do so by Federal law." *Fred W. Bubb Funeral Chapel, Inc.,* 396 N.E.2d at 944. We therefore look to federal case law

to aid us in our interpretation of Indiana Code § 8–23–17–27.

The relevant portion of the Federal Act was discussed in *United States v. 4.18 Acres of Land,* 542 F.2d 786 (9th Cir.1976). In that case, the U.S. Forest Service sought to condemn land in Idaho County, Idaho. The district court found the action to be "premature" and dismissed it without prejudice because of a "correctable procedural flaw." *Id.* at 789. The district court further held that attorney fees were not recoverable because the dismissal did not prevent the federal agency from acquiring the land by eminent domain. *Id.* The United States Court of Appeals affirmed, stating that the "cannot acquire" language of the statute "suggests a case in which the federal agency has moved to condemn property without warrant—for example, in the absence of any authority or of a public purpose." *Id.* The court further held that the United States had not abandoned the proceeding. The court noted that "the suit was not dismissed at the instance of the government, but over the government's opposition on motion by the landowner." *Id.* The government expressed its intent to refile the complaint, which it did within a year of dismissal. *Id.*

■ Like *4.18 Acres of Land,* the condemnation proceeding in this case was dismissed because of a procedural flaw. Here, the trial court found that the County had demonstrated a valid public purpose but dismissed the case due to correctable procedural defects. Contrary to the Landowners' assertions, the trial court's dismissal does not amount to a determination that the County cannot acquire the land by eminent domain. Rather, the order of dismissal simply requires the County to refile the claims after correcting the procedural flaws noted by the trial court. Thus, Indiana Code § 8–23–17–27(a)(1),

---

2.  42 U.S.C. § 4654 reads in relevant part (with distinctions between the two statutes underscored):

>  (a) Judgment for owner or abandonment of proceedings
>     The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real prop-

> erty such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such condemnation proceedings, if—
> >   (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> >   (2) the proceeding is abandoned by the United States.

which requires a final judgment that the agency cannot acquire the real property by eminent domain, is not satisfied.

The Landowners further argue that the County "abandoned" the proceeding and, thus, that the award of attorney fees is appropriate under § 8–23–17–27(a)(2). However, the record does not support that conclusion. The action was dismissed over the County's objection, and upon dismissal, the County filed a Motion for Leave to Amend Complaint which stated that the County had already taken steps to correct the action's procedural flaws. Record at 42–43, 115–116. This Motion indicates that the County planned to continue its efforts to obtain the easements from the Landowners. At no time did the County express its intention to abandon the condemnation proceedings or its plan to improve the road.[3]

■ We agree with the court in *4.18 Acres of Land* that this statute should be strictly construed. That court quotes the report of the Public Works Committee of the House of Representatives which clearly states that the statute should not be construed broadly: "Ordinarily the Government should not be required to pay expenses incurred by property owners in connection with condemnation proceedings. The invitation to increased litigation is evident." *4.18 Acres of Land,* 542 F.2d at 788 (citing H.R.Rep. No. 91–1656, 91st Cong., 2d Sess., contained in 3 U.S.Code Cong. & Admin.News 5875 (1970)). In light of this, the court concluded its decision by stating:

> Were we to construe [the] section as requiring an award of litigation expenses whenever the initial proceeding was dismissed for whatever reason, the award would often be largely fortuitous, depending upon the effect given by the trial court

to errors committed during or prior to trial. Had the district court in this case permitted the government to amend the complaint to reflect the correction of the procedural error, rather than dismissing the action, appellants would not be entitled to expenses. Congress could not have intended that the right to recover expenses turn upon such a difference.

*4.18 Acres of Land,* 542 F.2d at 786. The legislative intent is in accord with the general principle of statutory construction which states that statutes in derogation of the common law should be strictly construed. *See Eyster v. Birnbaum,* 662 N.E.2d 201, 203 (Ind.Ct.App.1996). As noted above, the American Rule generally prohibits an award of attorney fees to the winning party. Thus, we agree with the United States Court of Appeals that to give effect to the legislative intent and to avoid an absurd result, the statute must be narrowly construed.

We conclude that as a matter of law, the Landowners are not entitled to receive attorney fees pursuant to Indiana Code § 8–23–17–27. The trial court's dismissal did not constitute a final judgment that the County cannot acquire the land by eminent domain, nor did the County abandon the proceedings. Thus, the award of attorney fees must be reversed.

Reversed.

BAKER and SULLIVAN, JJ., concur.

---

**3.** The County's brief alleges that new complaints were, in fact, filed against the Landowners and that the land was eventually condemned. Brief of Appellant at 6–7. The Landowners argue that these later complaints are not part of the record and should not be considered by this court. Brief of Appellees at 6–7. We agree that evidence of the subsequent proceedings is not properly before us, but it is not necessary for our decision.

Before the trial court issued its order that awarded attorney fees to the Landowners, the County had filed its Motion for Leave to Amend Complaint, which stated that the County had already corrected the flaws contained in the initial complaints. The Motion for Leave to Amend Complaint is sufficient evidence of the County's intent to pursue the condemnation proceedings against the Landowners, and our decision does not depend on whether the County actually refiled its complaints, whether it was successful in condemning the land, or whether that evidence is properly before this court.